IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA SESSOMS, | : | |
|     *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE TRUSTEES of the UNIV. of PA., | : | |
| d/b/a THE UNIV. of PA. HEALTH SYS., | : | No. 16-2954 |
|     *Defendant*. | : | |

**MEMORANDUM**

PRATTER, J.                                                                                               MAY 23, 2017

After her employment in the human resources department at the University of Pennsylvania Health Systems was terminated, Andrea Sessoms sued the Trustees of the University of Pennsylvania under various theories of employment discrimination. Her Complaint was filed on June 13, 2016 and promptly assigned to this Court's docket. Since the initiation of the litigation various procedural events have taken place, including an initial pretrial conference, a discovery dispute that was resolved in part during a telephone conference with the Court, and oral argument on a defense summary judgment motion. She has now filed a motion for recusal, reportedly after learning that the Court has taught classes at the University of Pennsylvania Law School, an institution also under the fiduciary umbrella of the Trustees of the University of Pennsylvania. For the reasons set forth herein and discussed at a hearing on the motion on May 22, 2017, during which counsel had an additional opportunity to argue on his client's behalf, the Court will deny the motion.

**DISCUSSION**

Ms. Sessoms first contacted Chambers to raise the issue of the Court's Penn Law connection by telephone on May 15, 2017. By this point in the litigation, there had been a

1

number of earlier opportunities for counsel to do so. Counsel was instructed to outline his concerns in writing. Counsel submitted a letter later that day, requesting a telephone conference. The Court declined the request for a phone conference. On May 19, 2017, Ms. Sessoms filed the pending motion for recusal, citing both 28 U.S.C. § 144 and 28 U.S.C. § 455. Under 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under 28 U.S.C. § 455:

> a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . .
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding . . .

28 U.S.C. § 455(a), (b). The two statutes overlap, in that 28 U.S.C. § 455(b)(1) "entirely duplicate[s] the grounds of recusal set forth in § 144." *Liteky v. U.S.*, 510 U.S. 540, 548 (1994).

Here, Ms. Sessoms argues that because the Court is an adjunct professor at Penn Law, the Defendant Trustees of the University of Pennsylvania is therefore the Court's employer, which in turn creates a "personal bias or prejudice" in favor of the Defendant. Ms. Sessoms cites to an order in *Foundation for Worldwide International Student Exchange v. Doan*, No. Civ. 2:12-02006 (E.D. Cal. Nov. 21, 2012), which quotes the Guide to Judiciary Policy, Compendium of Selected Ethics Advisory Opinions, § 3.4-3 as saying "[a] judge who teaches at a law school should recuse from all cases involving that educational institution as party." That section says, in its entirety:

2

> (a) A judge who teaches at a law school should recuse from all cases involving that educational institution as party. The judge should recuse (or remit) from cases involving the university, as well as those involving the law school, where the judge's impartiality might reasonably be questioned in view of the size and cohesiveness of the university, the degree of independence of the law school, the nature of the case, and related factors. Similar factors govern recusal of judges serving on a university advisory board. Teaching at a state law school does not necessitate recusal from all cases involving the state or its agencies.

Guide to Judiciary Policy, Compendium of Selected Ethics Advisory Opinions, § 3.4-3(a).

The California court's order Ms. Sessoms cites, and the section of the Compendium of Selected Ethics Advisory Opinions cited therein, do not support her argument that this Court must recuse under § 144. It is clear from the context that "that educational institution" means the law school, not the entire university, and here, the Defendant is not the law school itself, nor does the suit have anything to do with the law school.[1] Moreover, applying the latter part of that advisory opinion makes clear that the situation in this case is not the type of situation that requires recusal – this Sessoms case involves a limited number of individuals in the human resources department of an exceptionally large, sprawling health system, which is affiliated with a very large educational institution. That university is made up of several schools and departments, one of which is a law school. Ms. Sessoms draws no direct connection between the affairs of the law school and the health system, let alone a connection between this Court's single semester trial advocacy seminar class and the vast human resources department at the health system.

Given these circumstances, this is not the type of case in which impartiality would be questioned and recusal warranted or required. *See, e.g., Harris v. Board of Sup'rs of Louisiana State Univ.*, 409 Fed. App'x. 725 (5th Cir. 2010) (upholding denial of recusal motion filed by

---

[1] To be fair to Ms. Sessoms, the Guide to Judiciary Policy does not seem to be publicly available, so counsel was likely not able to see the sentence in context, choosing instead to cite it partially, "sight unseen," if you will.

employment discrimination plaintiff who formerly worked at the LSU Health Sciences Center even though judge was a member of the LSU Law Center's board of trustees); *Roe v. St. Louis Univ.*, 746 F.3d 874, 886 (8th Cir. 2014) (upholding denial of recusal motion in case brought by university student against the university, even though the judge was an alumnus of the university and its law school and taught classes at the law school); *Maurey v. Univ. of So. Cal.*, 12 Fed. App'x. 529, 532 (9th Cir. 2001) (upholding denial of recusal motion in an employment case involving USC's School of Urban and Regional Planning even though judge served on the Board of Councilors at USC Law School); *Szeinbach v. Ohio State Univ.*, Case No. 2:08-cv-822, 2015 WL 12991136 (S.D. Ohio July 8, 2015) (denying recusal motion in an employment case against university when judge served as an adjunct professor at law school and plaintiff previously worked at the college of pharmacy).

Finally, Ms. Sessoms argues that the employment relationship between the Court and the law school creates a "financial interest" on the part of the Court in Defendant. However, financial interest is defined in such a way that mere employment is not considered a financial interest for purposes of the statute. *See* 28 U.S.C. § 455(d);[2] *see also Royer v. Pa. State Univ.*, No. 03:00-cv-290-KRG-KAP, 2012 WL 956422, at *2 (W.D. Pa. Feb. 28, 2012) (being paid to teach at a university does not qualify as a "financial interest" that would require a judge to recuse himself under § 455).

---

[2] "'[F]inancial interest' means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:
    (i)  Ownership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund;
    (ii)  An office in an educational, religious, charitable, fraternal, or civic organization is not a 'financial interest' in securities held by the organization;
    (iii)  The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a 'financial interest' in the organization only if the outcome of the proceeding could substantially affect the value of the interest;
    (iv)  Ownership of government securities is a 'financial interest' in the issuer only if the outcome of the proceeding could substantially affect the value of the securities."

**CONCLUSION**

For the foregoing reasons, the Court will deny Plaintiff's Motion for Recusal. An appropriate Order follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge